# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Case No.  1:18-cv-3261

**WENDY MERCADO-SANCHEZ,**

   **Plaintiff,**

v.

**LA NORIA, INC. D/B/A LA NORIA CARNICERIA Y TAQUERIA**, and
**RAUL PALOMARES,** an individual,

   **Defendants.**

---

## COMPLAINT

---

## <u>INTRODUCTION</u>

1. Plaintiff Wendy Mercado-Sanchez ("Plaintiff") worked as a cashier in the Defendant's grocery store for approximately two and a half years, from September 1, 2015 until March 3, 2018. While in this position, Ms. Sanchez was paid on a day rate. Her normal shifts made for 13-hour days and 65-hour workweeks. Her effective hourly rate was lower than Colorado minimum wage, and she was not paid any overtime premium pay for the work she did more than 40 hours in a workweeks. To challenge this and other wage violations, Plaintiff brings this action, by and through her attorneys, against Defendants La Noria, Inc. d/b/a La Noria Carniceria y Taqueria Restaurant, and Raul Palomares, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*., and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.andersondodson.com*

"Minimum Wage Order").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' store located at 1931 W Mississippi Ave, Denver, CO 80223.

## PARTIES

**Defendant La Noria, Inc. d/b/a La Noria Carniceria y Taqueria Restaurant.**

5. Defendant **La Noria, Inc. d/b/a La Noria Carniceria y Taqueria Restaurant, Inc.** (hereinafter "La Noria") is a corporation doing business within Denver County, whose principal place of business is located at 1931 W Mississippi Ave, Denver, CO 80223.  Its registered agent is listed with the Colorado Department of State as Raul Palomares, with an address of 333 S Federal Blvd. 207, Denver, CO 80219.

6. La Noria is a grocery store and restaurant.

7. At all relevant times, Defendant La Noria had annual gross revenues in excess of $500,000.

8. At all relevant times, Defendant La Noria was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. Upon information and belief, Defendant La Noria purchases food products, paper and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mercado-Sanchez v. La Noria Carniceria y Taqueria*
USDC, District of Colorado

Complaint
Page 2

packaging goods, cleaning fluids, supplies, equipment and other necessary items to run its store and serve its customers from out of state vendors who sell such supplies, and equipment originating outside the state of Colorado. Defendant La Noria Carniceria y Taqueria also accepts payments by credit cards and, upon information and belief, utilizes the phone and internet lines to accept and transmit payments.

10. At all times material to this action, Defendant La Noria was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

11. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

## Defendant Raul Palomares

12. Upon information and belief, Defendant Raul Palomares, an individual, resides at 3000 S. Decatur Street, Denver, CO 80236, Denver County.

13. Palomares was Plaintiff's "boss."

14. Upon information and belief, Palomares is the owner of La Noria.

15. At all times material to this action, Defendant Palomares actively participated in the business of the corporation.

16. At all times material to this action, Defendant Palomares exercised substantial control over the functions of the company's employees including Plaintiff. For example, Defendant had the ability and authority to hire and fire employees, set rates of pay, set employee schedules, and direct employees' activities.

17. At all times material to this action, Defendant Palomares was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**ANDERSON**DODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mercado-Sanchez v. La Noria Carniceria y Taqueria*
USDC, District of Colorado

Complaint
Page 3

**Plaintiff Wendy Mercado-Sanchez**

18. Plaintiff Wendy Mercado-Sanchez is a resident of Denver, Colorado, which is in Denver County.

19. Plaintiff Mercado-Sanchez worked as a cashier for La Noria from September 1, 2015 until March 3, 2018.

20. At all times material to this action, Plaintiff Mercado-Sanchez was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

21. While working in this capacity, Plaintiff Mercado-Sanchez was not expected to record time worked.

22. For most of her employment, Plaintiff Mercado-Sanchez typically started work at 8:00 a.m. and ended work at 9:00 p.m. (13 hours), five days a week (65 hours per week).

23. Plaintiff Mercado-Sanchez generally did not get a *bona fide* meal break of 30 minutes or more relieved of all duties.

24. In fact, she was hardly ever permitted to take a break even for short periods of time.

25. Plaintiff Mercado-Sanchez generally did not get *bona fide* rest breaks.

26. At first her rate was $100 per day. Approximately a year and a half into her employment, this increased to $125 per day.

27. Plaintiff's primary supervisor was Raul Palomares.

28. Plaintiff's effectively hourly rate was less than the minimum wage rate for at least some of her employment.  For example, $100 divided by 13 hours equates to an effective rate of $7.69 per hour. The applicable Colorado minimum wage in 2015 was $8.23. In 2016 it was $8.31.

29. In addition, when Plaintiff Mercado-Sanchez worked more than 40 hours in a workweek,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Mercado-Sanchez v. La Noria Carniceria y Taqueria*
USDC, District of Colorado

Complaint
Page 4

she was given no overtime premium pay.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

30. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth herein.

*Failure To Pay Time Overtime Properly*

31. Defendants failed to compensate Plaintiff at a rate of one and one half times her normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

32. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based On Good Faith & Entitlement to Damages*

33. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

34. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage and overtime.  In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mercado-Sanchez v. La Noria Carniceria y Taqueria*
USDC, District of Colorado

Complaint
Page 5

35. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

36. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
#### COLORADO WAGE ACT VIOLATIONS

37. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

38. Defendant La Noria Carniceria y Taqueria was Plaintiff's "employer" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2).

   a. Plaintiff is an "employee" and Defendant is an "employer" under the FLSA.

   b. Defendants employed the Plaintiff in a business or enterprise that prepares and offers for sale, food or beverages for consumption either on or off the premises, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(C).

39. Plaintiff is Defendant's "employee" as that term is defined by the Wage Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

### *Failure to Pay Minimum Wage*
**(Violation of the C.R.S. § 8-6-101 *et seq.*; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

40. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

41. Specifically, Defendants paid Plaintiff at a rate $5.29 per hour and automatically deducted

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Mercado-Sanchez v. La Noria Carniceria y Taqueria*
USDC, District of Colorado

Complaint
Page 6

time from Plaintiff's pay for breaks that the Plaintiff did not take.  Thus, the amount Plaintiff received in a given workweek divided by the number of hours actually worked resulted in a wage less than the applicable minimum wage rate for at least some workweeks.

### Failure to Pay Weekly Overtime Premiums
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

42. Plaintiff worked more than 40 hours most workweeks.

43. Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

44. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

45. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

46. Defendants violated the CWA as implemented by the Wage Order, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

47. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at her regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### Failure to Pay Wages When Due
**(Violation of the C.R.S. § 8-6-103)**

48. The Defendants failed to pay Plaintiff all her earned wages when due, as previously alleged.

### Failure to Pay All Earned Wages
**(Violation of the C.R.S. § 8-6-109)**

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Mercado-Sanchez v. La Noria Carniceria y Taqueria*
USDC, District of Colorado

Complaint
Page 7

49. Plaintiff has been separated from employment with Defendants

50. Defendants have failed to pay Plaintiff all her wages and compensation earned during Plaintiff's employment, as previously alleged.

### Improper Deductions
**(Violation of the C.R.S. § 8-4-105)**

51. The Defendant made deductions from Plaintiff's wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9).

### Denial of Mandatory Rest Periods
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1)**

52. Defendants did not pay Plaintiff for all of her time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. Wage Order 7 C.C.R. 1103-1(7).

53. Defendants did not pay Plaintiff for all of her time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiff performed. Wage Order 7 C.C.R. 1103-1(8).

### Record-Keeping Failures; Failure to Provide Pay Stubs
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1(12))**

54. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

    c. name, address, social security number, occupation and date of hire

    d. date of birth, if the employee is under eighteen (18) years of age

    e. daily record of all hours worked

    f. record of allowable credits and declared tips

    g. regular rates of pay, gross wages earned, withholdings made and net amounts paid

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Mercado-Sanchez v. La Noria Carniceria y Taqueria*
USDC, District of Colorado

Complaint
Page 8

each pay period.

55. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., Wage Order 7 C.C.R. 1103-1(12)).

### *Willful Failure to Respond to Wage Demand*
**(Violation of the Colorado Wage Claim Act, C.R.S. §§ 8-4-109, -110)**

76. Plaintiff sent Defendants a wage demand letter pursuant to C.R.S. § 8-4-109.

77. In that Colorado Wage Demand letter, Plaintiff demanded her unpaid and underpaid wages.

78. 14 days have passed since Defendants received Plaintiff's wage demand letter and no wages have been tendered.  As such, Defendants are liable for additional penalties pursuant to § 109 in an amount equal to 125% of the first $7500 demanded plus 50% of the amount over $7500.

79. Further, to the extent Defendants' failure to pay is found to be willful, the penalty shall increase by an additional 50%.

### *Damages*

56. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with statutory penalties, reasonable attorney fees and costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)    Award Plaintiff unpaid and underpaid wages due under the FLSA and the Colorado

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Mercado-Sanchez v. La Noria Carniceria y Taqueria*
USDC, District of Colorado

Complaint
Page 9

Wage Laws; and

(B)     Award Plaintiff liquidated damages in the amount of their unpaid FLSA wages

        pursuant to 29 U.S.C. § 216(b); and

(C)     Award Plaintiff statutory penalties as provided for by Colorado law; and

(D)     Award Plaintiff interest; and

(E)     Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(F)     Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **19th** day of **December, 2018.**

ANDERSONDODSON, P.C.

s/ Penn Dodson
**Penn A. Dodson**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.
(646) 998-8051 fax
Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Mercado-Sanchez v. La Noria Carniceria y Taqueria*
USDC, District of Colorado

Complaint
Page 10